# EXHIBIT 1

State of Connecticut
Date: 07/14/2009
Payfile: 0919451-1
Docket: LVU7
Receipt Nbr:

**NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY/CLAIM FOR HEARING TO CONTEST APPLICATION OR CLAIM EXEMPTION**

JD-CV-53 Rev. 7-01
C.G.S. §§ 52-278c et seq.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

COURT USE ONLY: CLPJRA Application For PJR | CLPJRHG Contest PJR Application (If Section III Completed)

**INSTRUCTIONS TO PLAINTIFF/APPLICANT**

1. Complete section I in connection with all prejudgment remedies EXCEPT ex-parte prejudgment remedies and submit to the Clerk along with your application and other required documents.
2. Upon receipt of signed order for hearing from clerk, serve this form on defendant(s) with other required documents.

## SECTION I - CASE INFORMATION (To be completed by Plaintiff/Applicant)

[X] Judicial District [ ] Housing Session [ ] G.A. No. ____

COURT ADDRESS: 14 West River Street, Milford, CT 06460

Has a temporary restraining order been requested? [X] YES [ ] NO

NAME OF CASE (First-named plaintiff vs. First-named defendant): General Maritime Corporation v. Aircraft Guaranty Title & Trust, LLC and Continent Aircraft Trust No. 461

[ ] SEE ATTACHED FORM JD-CV-67 FOR CONTINUATION OF PARTIES

AMOUNT, LEGAL INTEREST, OR PROPERTY IN DEMAND, EXCLUSIVE OF INTEREST AND COSTS IS ("X" one of the following)

[ ] LESS THAN $2500
[ ] $2500 THROUGH $14,999.99
[X] $15,000 OR MORE

("X" if applicable)
[X] CLAIMING OTHER RELIEF IN ADDITION TO OR IN LIEU OF MONEY DAMAGES

CLPJRA

CASE TYPE (From Judicial Branch code list) MAJOR: C MINOR: 90

NO. COUNTS: 3

NAME AND ADDRESS OF PLAINTIFF/APPLICANT (Person making application for Prejudgment Remedy) (No., street, town and zip code): General Maritime Corporation, 35 West 56th Street, New York, NY 10019

NAME(S), ADDRESS(ES) AND TELEPHONE NO(S). OF DEFENDANT(S) AGAINST WHOM PREJUDGMENT REMEDY IS SOUGHT (No., street, town and zip code) (Attach additional sheet if necessary): See attached.

NAME AND ADDRESS OF ANY THIRD PERSON HOLDING PROPERTY OF DEFENDANT WHO IS TO BE MADE A GARNISHEE BY PROCESS PREVENTING DISSIPATION: Waterbury-Oxford Airport, 300 Christian Street, Oxford, CT 06483

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:

NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code): Levett Rockwood P.C., 33 Riverside Avenue, P.O. Box 5116, Westport, CT 06881

| TELEPHONE NO. | JURIS NO. (If atty. or law firm) | SIGNED | DATE SIGNED |
|---|---|---|---|
| 203-222-0885 | 101078 | [signature] | 7/13/09 |

## SECTION II - NOTICE TO DEFENDANT

You have rights specified in the Connecticut General Statutes, including Chapter 903a, that you may wish to exercise concerning this application for a prejudgment remedy. These rights include the right to a hearing:

(1) to object to the proposed prejudgment remedy because you have a defense to or set-off against the action or a counterclaim against the plaintiff or because the amount sought in the application for the prejudgment remedy is unreasonably high or because payment of any judgment that may be rendered against you is covered by any insurance that may be available to you;
(2) to request that the plaintiff post a bond in accordance with section 52-278d of the General Statutes to secure you against any damages that may result from the prejudgment remedy;
(3) to request that you be allowed to substitute a bond for the prejudgment remedy sought; and
(4) to show that the property sought to be subjected to the prejudgment remedy is exempt from such a prejudgment remedy.

You may request a hearing to contest the application for a prejudgment remedy, assert any exemption or make a request concerning the posting or substitution of a bond in connection with the prejudgment remedy. **The hearing may be requested by any proper motion or by completing section III below and returning this form to the superior court at the Court Address listed above.**

You have a right to appear and be heard at the hearing on the application to be held at the above court location on:

| DATE | TIME | COURTROOM |
|---|---|---|
| | M. | |

## SECTION III - DEFENDANT'S CLAIM AND REQUEST FOR HEARING (To be completed by Defendant)

I, the defendant named below, request a hearing to contest the application for prejudgment remedy, claim an exemption or request the posting or substitution of a bond. I claim: ("X" the appropriate boxes)

[ ] that the amount sought in the application for prejudgment remedy is unreasonably high.
[ ] a defense, counterclaim, set-off, or exemption.
[ ] that any judgment that may be rendered is adequately secured by insurance.
[ ] that I be allowed to substitute a bond for the prejudgment remedy.
[ ] that the plaintiff be required to post a bond to secure me against any damages that may result from the prejudgment remedy.

CLPJRHG

FOR COURT USE ONLY

FILED
SUPERIOR COURT
JUDICIAL DISTRICT OF ANSONIA, MILFORD
JUL 14 2009
VALERIE A. SHINGARA
DEPUTY CHIEF CLERK

I certify that a copy of the above claim was mailed/delivered to the Plaintiff or the Plaintiff's attorney on the Date Mailed/Delivered shown below.

| DATE COPY(IES) MAILED/DELIVERED | SIGNED (Defendant) | DATE SIGNED |
|---|---|---|
| | | |

TYPE OR PRINT NAME AND ADDRESS OF DEFENDANT

DOCKET NO. PJR CV09 5009660

| NAME OF EACH PARTY SERVED* | ADDRESS AT WHICH SERVICE WAS MADE* |
|---|---|
| | |

*If necessary, attach additional sheet with names of each party served and the address at which service was made.

ATTEST A TRUE COPY
ROLAND MAILLOUX

**ATTACHMENT TO JD-CV-53**
**NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY/CLAIM FOR HEARING TO CONTEST APPLICATION OR CLAIM EXEMPTION**

**Judicial District of Ansonia-Milford at Milford**

General Maritime Corporation v. Continent Aircraft Trust No. 461
Return Date:

**NAMES, ADDRESSES AND TELEPHONE NUMBERS OF DEFENDANTS AGAINST WHOM PREJUDGMENT REMEDY IS SOUGHT:**

Continent Aircraft Trust No. 461, 515 North Sam Houston Parkway East, Suite 305, Houston, TX 77060.

Aircraft Guaranty Title & Trust, LLC, 515 North Sam Houston Parkway East, Suite 305, Houston, TX 77060.

| | | |
|---|---|---|
| RETURN DATE: | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT |
| GENERAL MARITIME CORPORATION | : | OF ANSONIA-MILFORD |
| | : | AT MILFORD |
| v. | : | |
| | : | |
| AIRCRAFT GUARANTY TITLE & TRUST, LLC, in its capacity as TRUSTEE of CONTINENT AIRCRAFT TRUST NO. 461, and CONTINENT AIRCRAFT TRUST NO. 461 | : | ____________________, 2009 |

**ORDER GRANTING PLAINTIFF'S APPLICATION FOR**
**TEMPORARY RESTRAINING ORDER**

The Plaintiff's Application for *Ex Parte* Temporary Restraining Order, having been presented to the Court, together with the Complaint, and the Affidavits of James M. Calabrese and John Georgiopoulos, and Memorandum of Law, is hereby GRANTED/DENIED.

NOW, THEREFORE, it appears that irreparable loss or damage will result to the Plaintiff before the matter can be heard on notice and good cause having been shown that a temporary injunction ought to issue without a bond, and it is ORDERED that pending the hearing and determination of the Plaintiff's Application for Prejudgment Remedy, the Defendants, Continent Aircraft Trust No. 461 and Aircraft Guaranty title & Trust, LLC, and anyone acting on their behalf, are hereby enjoined from a) removing that certain Dassault Falcon 2000EX, serial number 15, FAA registration mark N97GM (formerly N215EX), including

its two (2) Pratt & Whitney PW 308C engines, serial numbers PCE-CF0042 and PCE-CF0025, together with all parts, additions, accessories, and components installed thereon, and including all radios, avionics and additional equipment appurtenant thereto, and all available log books, manuals, maintenance records and technical records (collectively the "Aircraft") from its current location at 9 Juliano Drive, Hangar G, at the Waterbury-Oxford Airport in Oxford, Connecticut 06403; b) selling, transferring, assigning, encumbering, deregistering, or exporting the Aircraft; c) cancelling the registration on the FAA registry of the Aircraft; or d) selling, transferring, assigning or encumbering the $1,000,000 security deposit paid by the Plaintiff to the Defendants at the time the Plaintiff leased the Aircraft.

~~It is further ORDERED that the Defendants immediately turn over all keys to the Aircraft to a Connecticut State Marshal.~~ VAJ DCC

Dated at Milford, Connecticut this 14th day of July, 2009.

THE COURT

By [signature] JTR
~~Judge/Assistant Clerk~~

John Moran, JTR

173170 (v.3)

ATTEST: A TRUE COPY
[signature]
... MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

| | | |
|---|---|---|
| RETURN DATE: | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT |
| GENERAL MARITIME CORPORATION | : | OF ANSONIA-MILFORD |
| | : | AT MILFORD |
| v. | : | |
| | : | |
| AIRCRAFT GUARANTY TITLE & TRUST, LLC, in its capacity as TRUSTEE of CONTINENT AIRCRAFT TRUST NO. 461, and CONTINENT AIRCRAFT TRUST NO. 461 | : | JULY ____, 2009 |

**ORDER FOR HEARING AND NOTICE**

The within Application for Prejudgment Remedy, Application for *Ex Parte* Temporary Restraining Order and Motion to Disclose Property, having been presented to the Court, it is hereby ORDERED that a hearing be held thereon at the Superior Court for the Judicial District of Ansonia-Milford at Milford, 14 West River Street, Milford, Connecticut 06460 at 9:30 a.m. in Courtroom TO BE posted on 8-17-, 2009, and that the Plaintiff give notice to the Defendants in accordance with Section 52-278c of the Connecticut General Statutes of the pendency of the Applications and the Motion, and of the time and place they will be heard, by causing a true and attested copy of the Applications, proposed orders, unsigned proposed Writ, Summons and Complaint, Writ of Attachment, Memorandum of Law, Affidavits, Motion, and this Order, together with such notice as is required under Section 52-278c(e) of

the Connecticut General Statutes, to be served upon the Defendants by some proper officer on or before 8-13, 2009, and that due return of such service be made to this Court.

Dated at Milford, Connecticut this 14 day of July, 2009.

THE COURT

By ______________________

~~Judge/Assistant~~ Clerk

Deputy Clerk

173168(v.3)

| | | |
|---|---|---|
| DOCKET NO. AAN-CV-09-5009660-S | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT |
| GENERAL MARITIME CORPORATION | : | OF ANSONIA-MILFORD |
| | : | AT MILFORD |
| v. | : | |
| | : | |
| AIRCRAFT GUARANTY TITLE & TRUST, LLC, in its capacity as TRUSTEE of CONTINENT AIRCRAFT TRUST NO. 461, and CONTINENT AIRCRAFT TRUST NO. 461 | : | JULY 16, 2009 |

**SUMMONS**

TO ANY STATE MARSHAL OF THE COUNTY OF HARTFORD, OR EITHER CONSTABLE OF THE CITY OF HARTFORD IN SAID COUNTY,

GREETING:

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of a true and attested copy of the foregoing Applications, Order Granting Application for Temporary Restraining Order, Order For Hearing and Notice, proposed Order, unsigned proposed Writ, Summons and Complaint, proposed Writ of Attachment, Memorandum of Law, Affidavits, Motion and Order upon Aircraft Guaranty Title & Trust, LLC, 515 North Sam Houston Parkway East, Suite 305, Houston, Texas 77060, and Continent Aircraft Trust No. 461, 515 North Sam Houston Parkway East, Suite 305, Houston, Texas 77060, on or before August 13, 2009.

HEREOF FAIL NOT, but due service and return make.

Dated at Westport, Connecticut this 16th day of July, 2009.

Andrew B. Nevas
Commissioner of the Superior Court

175544



| | | |
|---|---|---|
| RETURN DATE: | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT |
| GENERAL MARITIME CORPORATION | : | OF ANSONIA-MILFORD |
| | : | AT MILFORD |
| v. | : | |
| | : | |
| AIRCRAFT GUARANTY TITLE & TRUST, LLC, in its capacity as TRUSTEE of CONTINENT AIRCRAFT TRUST NO. 461, and CONTINENT AIRCRAFT TRUST NO. 461 | : | JULY 13, 2009 |

**PLAINTIFF'S APPLICATION FOR**
***EX PARTE* TEMPORARY RESTRAINING ORDER**

Pursuant to Connecticut General Statutes §§ 52-278a, et seq., and 52-471, et seq., the Plaintiff, General Maritime Corporation, hereby moves for the entry of an *ex parte* temporary restraining order against the Defendants, and represents as follows:

1. That the Plaintiff is about to commence an action against the Defendants Continent Aircraft Trust No. 461 and Aircraft Guaranty Title & Trust, LLC, seeking money damages for breach of contract, unjust enrichment and violation of the Connecticut Unfair Trade Practices Act, pursuant to the accompanying unsigned Writ, Summons, Complaint and Affidavits.

2. That the Plaintiff has filed concurrently herewith an Application for Prejudgment Remedy on the grounds that there is

probable cause that a judgment in the amount of $1,000,000.00 or greater, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the Plaintiff against the Defendants, and that to secure such judgment the Plaintiff seeks an Order from this Court directing that a prejudgment remedy be granted to secure the sum of $1,000,000 by attaching sufficient property of the Defendants, specifically a) that certain Dassault Falcon 2000EX, serial number 15, FAA registration mark N97GM (formerly N215EX), including its two (2) Pratt & Whitney PW 308C engines, serial numbers PCE-CF0042 and PCE-CF0025, together with all parts, additions, accessories, and components installed thereon, and including all radios, avionics and additional equipment appurtenant thereto, and all available log books, manuals, maintenance records and technical records (collectively the "Aircraft"), some or all of which are currently located at 9 Juliano Drive, Hangar G, the Waterbury-Oxford Airport, Oxford, Connecticut 06403; and b) the $1,000,000 Security Deposit paid by the Plaintiff to the Defendants at the time the Plaintiff leased the Aircraft from the Defendants.

3. That there is probable cause and it is likely that the Plaintiff will succeed on the merits of its claims against the

Defendants, that imminent and irreparable harm absent immediate *ex parte* injunctive relief will be suffered by the Plaintiff and that the equities favor the Plaintiff.

4. That there is an imminent threat that the Aircraft will be removed from this State of Connecticut by the Defendants, absent immediate injunctive relief, such that any potential judgment in this action in favor of the Plaintiff will go unsatisfied.

5. That there is good cause for issuance of an *ex parte* temporary restraining order without bond, since the Plaintiff is simply asking that the Defendants maintain the status quo of the Aircraft, the funds to be secured by the Aircraft are undisputedly due to the Plaintiff, and no other persons will be affected.

6. In support of this Application, the Plaintiff submits its Complaint, the accompanying Affidavits of James A. Calabrese and John Georgiopoulos, and Memorandum of Law in Support of Plaintiff's Applications for Prejudgment Remedy and *Ex Parte* Temporary Restraining Order.

WHEREFORE, the Plaintiff requests an *ex parte* temporary restraining order pending the hearing and determination of its Application for Prejudgment Remedy, prohibiting the Defendants from a) removing the Aircraft from Waterbury-Oxford Airport; b) selling, transferring, assigning, encumbering, deregistering or exporting the Aircraft; c) cancelling the registration on the FAA registry of the Aircraft; or d) selling, transferring, assigning or encumbering the security deposit.

PLAINTIFF,

By ____________________

Andrew B. Nevas
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025
Juris No. 101078

173164(v.3)

A TRUE COPY
ROLAND MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

| | | |
|---|---|---|
| RETURN DATE: | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT |
| GENERAL MARITIME CORPORATION | : | OF ANSONIA-MILFORD |
| | : | AT MILFORD |
| v. | : | |
| | : | |
| AIRCRAFT GUARANTY TITLE & TRUST, LLC, in its capacity as TRUSTEE of CONTINENT AIRCRAFT TRUST NO. 461, and CONTINENT AIRCRAFT TRUST NO. 461 | : | JULY 13, 2009 |

**PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY**

TO THE SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF ANSONIA-MILFORD AT MILFORD:

The undersigned represents:

1. That Levett Rockwood P.C. is about to commence an action against Continent Aircraft Trust No. 461, 515 North Sam Houston Parkway East, Suite 305, Houston, Texas 77060 and Aircraft Guaranty Title & Trust, LLC, 515 North Sam Houston Parkway East, Suite 305, Houston, Texas 77060 pursuant to the attached proposed unsigned Writ, Summons, Complaint and Affidavits;

2. That there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or setoffs, will be rendered in the matter in

favor of the Plaintiff and that to secure the judgment, the Plaintiff seeks an order from this Court directing that the following prejudgment remedy be granted to secure the sum of One Million and 00/100 Dollars ($1,000,000.00):

a. To attach that certain Dassault Falcon 2000EX, serial number 15, FAA registration mark N97GM (formerly N215EX), including its two (2) Pratt & Whitney PW 308C engines, serial numbers PCE-CF0042 and PCE-CF0025, together with all parts, additions, accessories, and components installed thereon, and including all radios, avionics and additional equipment appurtenant thereto, and all available log books, manuals, maintenance records and technical records (collectively the "Aircraft"), some or all of which are currently located at 9 Juliano Drive, Hangar G, at the Waterbury-Oxford Airport in Oxford, Connecticut 06403;

b. To attach the $1,000,000 security deposit paid by the Plaintiff to the Defendants at the time the Plaintiff leased the Aircraft from the Defendants and currently held by the Defendants; and

c. Such other relief as the Court may find appropriate.

3. In support of its Application, the Plaintiff submits its Complaint, along with Affidavits and a Memorandum of Law.

PLAINTIFF

By ______________________

Andrew B. Nevas
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06881
Telephone: (203) 222-0885
Facsimile: (203) 226-8025
Juris No. 101078

173158(v.3)

A TRUE COPY
ROLAND MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

| | | |
|---|---|---|
| RETURN DATE: | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT |
| GENERAL MARITIME CORPORATION | : | OF ANSONIA-MILFORD |
| | : | AT MILFORD |
| v. | : | |
| | : | |
| AIRCRAFT GUARANTY TITLE & TRUST, LLC, in its capacity as TRUSTEE of CONTINENT AIRCRAFT TRUST NO. 461, and CONTINENT AIRCRAFT TRUST NO. 461 | : | ____________________, 2009 |

**ORDER GRANTING PLAINTIFF'S APPLICATION**
**FOR PREJUDGMENT REMEDY**

WHEREAS, the Plaintiff in the above-entitled action has made application for a prejudgment remedy to attach the goods or estate of the Defendants, and

WHEREAS, after due hearing at which 1) the Plaintiff and Defendants appeared and were fully heard; or 2) the Plaintiff appeared and was fully heard, but the Defendants made default of appearance, it is found that a copy of the Order for Hearing and Notice was duly served on the Defendants as appears from the officer's return on file; it is found that there is probable cause to sustain the validity of the Plaintiff's claim that a judgment in the

amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or setoffs, will be rendered in this action in favor of the Plaintiff.

NOW, THEREFORE, the foregoing Application for Prejudgment Remedy, having been heard, it is hereby ORDERED: **GRANTED/DENIED**.

It is further ORDERED that the Plaintiff may attach to the value of $1,000,000.00 the following goods or estate of the Defendants: that certain Dassault Falcon 2000EX, serial number 15, FAA registration mark N97GM (formerly N215EX), including its two (2) Pratt & Whitney PW 308C engines, serial numbers PCE-CF0042 and PCE-CF0025, together with all parts, additions, accessories, and components installed thereon, and including all radios, avionics and additional equipment appurtenant thereto, and all available log books, manuals, maintenance records and technical records (collectively the "Aircraft"), some or all of which are currently located at 9 Juliano Drive, Hangar G, the Waterbury-Oxford Airport, Oxford, Connecticut 06403.

It is further ORDERED that the Defendants, and anyone acting on their behalf, are prohibited from a) removing the Aircraft from the said Airport; b) selling, transferring, assigning, encumbering, deregistering or exporting the Aircraft; or c) cancelling the FAA registry of the Aircraft.

It is further ORDERED that the Defendants immediately turn over all keys to the Aircraft to a Connecticut State Marshal.

It is further ORDERED that the Defendants, and anyone acting on their behalf, are hereby prohibited from selling, transferring, assigning or encumbering the $1,000,000 Security Deposit paid by the Plaintiff to the Defendants at the time the Plaintiff leased the Aircraft.

Dated at Milford, Connecticut this ____ day of ______________, 2009.

THE COURT

By____________________________
Judge/Assistant Clerk

173239(v.3)

| RETURN DATE: | : | SUPERIOR COURT |
|---|---|---|
| | : | |
| | : | JUDICIAL DISTRICT |
| GENERAL MARITIME CORPORATION | : | OF ANSONIA-MILFORD |
| | : | AT MILFORD |
| v. | : | |
| | : | |
| AIRCRAFT GUARANTY TITLE & TRUST, | : | |
| LLC, in its capacity as TRUSTEE | : | |
| of CONTINENT AIRCRAFT TRUST | : | |
| NO. 461, and CONTINENT AIRCRAFT | : | |
| TRUST NO. 461 | : | JULY ____, 2009 |

**AFFIDAVIT OF JAMES M. BERGIN IN SUPPORT OF PLAINTIFF'S APPLICATIONS FOR PREJUDGMENT REMEDY AND EX PARTE PRELIMINARY INJUNCTION**

STATE OF NEW YORK )
) ss: Manhattan
COUNTY OF NEW YORK )

Personally appeared James M. Bergin, who being first duly sworn deposes and says:

1. I am over the age of 18 and believe in the obligations of an oath.

2. The information contained herein is based upon my own personal knowledge and belief.

3. This Affidavit is submitted in support of the Plaintiff's Applications for Prejudgment Remedy and *Ex Parte* Preliminary Injunction dated July 13, 2009.

4. I am an attorney admitted to practice law in New York and am a partner with the law firm of Morrison & Foerster LLP in New York City, New York.

5. On behalf of Plaintiff, I caused a request to be submitted to the Federal Aviation Administration ("FAA") for information regarding Continent Aircraft Trust No. 461 ("Continent Aircraft Trust"). In response, I received a copy of that certain Declaration of Trust (the "Declaration") between Aircraft Guaranty Title & Trust, LLC ("Aircraft Title & Trust"), as Trustee, and Aircraft Guaranty Financial Corporation ("Aircraft Financial"), as Grantor. A true and correct copy of the Declaration in the form obtained from the FAA is attached hereto as Exhibit A.

6. As stated in Exhibit A, on or about January 7, 2004, Aircraft Financial as Grantor and the Defendant Aircraft Title & Trust as Trustee entered into the Declaration, which created the Defendant Continent Aircraft Trust. Pursuant to Article 2.1 of the Declaration, Aircraft Financial appointed Aircraft Title & Trust as Trustee of Continent Aircraft Trust.

7. Pursuant to the Declaration, Aircraft Financial and Aircraft Title & Trust as Trustee agreed that certain aircraft (as defined in

the Declaration) would be designated as "Trust Property." Pursuant to Article 11.2 of the Declaration, Aircraft Title & Trust, as Trustee, was to have legal title to all such Trust Property, including the aircraft so designated. Pursuant to the Declaration, Aircraft Financial was designated as the beneficiary of the Trust, and was to hold a beneficial interest in the Trust Property.

8. According to the records obtained in response to the above-described request to the FAA, Aircraft Title & Trust, acting in its capacity as Trustee, is the registered owner of that certain Dassault Falcon 2000 EX, serial number 15, designated with FAA registration mark N97GM (the "Aircraft". A true and correct copy of the FAA record so indicating is attached hereto as Exhibit B.

James M. Bergin

Subscribed and sworn to before me on this the ____ day of July, 2009.

LEAH A. RAMOS
Notary Public, State of New York
No. 02RA6196850
Qualified in New York County
Commission Expires Nov. 24, 2012

Notary Public
My Commission Expires:

174500

ATTEST:
A TRUE COPY
ROLAND MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

# Exhibit A

W FEB 25 2004

# CONTINENT AIRCRAFT TRUST NO. 461

## DECLARATION OF TRUST

**Between**

**Aircraft Guaranty Title & Trust, LLC**
**as TRUSTEE**

**and**

**Aircraft Guaranty Financial Corporation**
**as GRANTOR**

Copyright Notice

The format and content of the material contained herein is the proprietary information of Aircraft Guaranty Holdings LLC, and cannot be copied, reproduced, transmitted or communicated in any medium nor may any information contained hereon be faxed or transmitted over the Internet or other electronic media without the express prior written consent of Aircraft Guaranty Holdings, LLC.

TABLE OF CONTENTS

Page

DEFINITIONS.....1
1.1 Defined Terms.....1
1.2 Singular to Include Plural.....2

ESTABLISHMENT OF TRUST.....2
2.1 Appointment of the Trustee.....2
2.2 Trust Agreement.....2
2.3 Representations and Warranties of the Grantor and Subsequent Transferor.....2
2.4 Activities.....3
2.5 Office.....3
2.6 Situs of Trust.....3
2.7 Name

TRUST CERTIFICATES AND TRANSFER OF INTEREST.....3
3.1 Issuance of Trust Certificate.....3
3.2 Registration and Transfer of Certificates.....3
3.3 Lost, Stolen, Mutilated or Destroyed Certificates.....4
3.4 Limitations on Transfer of Trust Certificate.....4
3.5 Assignment of Right to Distributions.....4

CONCERNING THE BENEFICIARY.....5
4.1 Restrictions on Beneficiary's Actions.....5
4.2 Other Expenses Liabilities of the Trust.....5

CONCERNING THE TRUSTEE.....5
5.1 Status.....5
5.2 Acceptance of Trustee and Duties.....5
5.3 Furnishing of Documents.....6
5.4 Reliance; Advice of Counsel.....6
5.5 Not Acting in Individual Capacity.....7

AUTHORITY AND DUTIES OF THE TRUSTEE.....7
6.1 General Authority.....7
6.2 Specific Authority.....7
6.3 Trustee Duties.....7
6.4 Limitations on Trustee's Authority.....7
6.5 Accounting and Reports to the Beneficiary and Others.....8
6.6 Signature of Returns.....8
6.7 Notice to Beneficiary.....8

6.8 No Duties Except as Specified in This Agreement or in Instructions....................8
6.9 No Action Except Under Specified Documents or Instructions ..............................9

COMPENSATION OF TRUSTEE.....................................................................................9
7.1 Trustee's Fees and Expenses ......................................................................................9
7.2 Lien on Trust Property..................................................................................................9
7.3 Payments to the Trustee................................................................................................9

INVESTMENT AND APPLICATION OF TRUST FUNDS.............................................9
8.1 Investment of Trust Funds...........................................................................................9
8.2 Allocations and Distributions........................................................................................9
8.3 Method of Payment.....................................................................................................10

TERMINATION OF TRUST..........................................................................................11
9.1 Termination of Trust...................................................................................................11
9.2 No Termination by Grantor or Beneficiary..................................................................11
9.3 Exercise of Trust Powers After Termination.................................................................11

SUCCESSOR TRUSTEES AND ADDITIONAL TRUSTEES ..........................................11
10.1 Resignation or Removal of Trustee; Appointment of Successor.................................11
10.2 Appointment of Additional Trustees ........................................................................12

MISCELLANEOUS.........................................................................................................12
11.1 Supplements and Amendments...................................................................................12
11.2 Legal Title to Trust Property in Trustee. ......................................................................12
11.3 Contracts Made by Trustee. .......................................................................................13
11.4 Limitations on Rights of Others...................................................................................13
11.5 Notices .......................................................................................................................13
11.6 Severability ................................................................................................................13
11.7 Separate Counterparts..................................................................................................13
11.8 Successors and Assigns................................................................................................13
11.9 Headings .....................................................................................................................13
11.10 Not Influenced by Beneficiaries who are not U.S. Citizens or Resident Aliens....13
11.11 Governing Law ........................................................................................................14

TRUST AGREEMENT ("Agreement") dated as of January 07, 2004, between Aircraft Guaranty Financial Corporation, a Nevada Corporation, as Grantor, and Aircraft Guaranty Title & Trust, LLC, a Delaware limited liability company, as Trustee.

ARTICLE I

DEFINITIONS

1.1 **Defined Terms.** For all purposes of this Agreement, the capitalized terms are defined as follows:

"*Aircraft*" means those certain airplanes or helicopters, including engines and parts, for which the Trustee holds title for the benefit of Beneficiary, and which shall constitute the Trust Property.

"*Agreement*" means this Trust Agreement, as it may be amended from time to time.

"*Authorized Officer*" means any officer of the Trustee who is authorized to act for the Trustee in matters relating to, and binding upon, the Trust and whose name appears on a list of such authorized officers furnished by the Trustee as such list may be amended or supplemented from time to time.

"*Beneficiary*" or "*Beneficiaries*" each means the singular or plural, and each means the Grantor and each of the successors in interest as beneficiaries of the Trust pursuant to Article III.

"Business Day" means any day that is not a Saturday, Sunday or any other day on which commercial banking institutions in Wilmington, Delaware, are authorized or obligated by law or executive order to be closed.

"Code" means the Internal Revenue Code of 1986, as it may be amended from time to time and as it may be interpreted under regulations promulgated by the Treasury Department.

"*Distribution Date*" means the first Business Day following a day on which the Trustee receives funds unless the date is changed by written consent of Beneficiary.

"*Distribution Date Statement*" means the statement described as such in Section 8.2(c) hereof.

"*FAA*" means the United States Department of Transportation, Federal Aviation Administration.

"*Fiscal Year*" means the calendar year from each January 1 to the following December 31.

"*Grantor*" or "*Grantor*" means Aircraft Guaranty Financial Corporation and any successor in interest.

"*Ownership Percentage*" or "*Ownership Interest*" with respect to a Beneficiary means the proportion (expressed as a percentage) of the beneficial Ownership Interest in the Trust Property held by such Beneficiary.

From: 4056812658 Page: 13/31 Date: 5/19/2009 2:04:54 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

"*Periodic Filings*" means submissions that the Trust is required to make with any state or federal regulatory agency or under the Code.

"*Transfer*" means the sale, transfer or other assignment of all of a Beneficiary's right, title and interest in all or a portion of such Beneficiary's beneficial interest in the Trust.

"*Trust*" means the trust established by this Agreement.

"*Trust Certificate*" means a certificate evidencing the Ownership Interest of a Beneficiary in defined Trust Property in substantially the form attached hereto as Exhibit 1 or Exhibit 1A.

"*Trust Property*" means all right, title and interest in any property contributed to the Trust or otherwise acquired by the Trust, including without limitation all distributions, payments or proceeds thereon. Each Beneficiary shall hold beneficial title and interest only in the specific Trust Property designated on the Trust Certificate. The Trust Property, principally, shall be certain Aircraft and the Trust Certificate.

"*Trust Property Related Agreement*" means any instrument or agreement signed by the Trustee affecting Trust Property, including, but not limited to, any lease or any operating agreement, and any financing agreements or insurance agreements.

"*Trustee*" means Aircraft Guaranty Title & Trust, LLC, a Delaware limited liability company, not in its individual capacity, but solely as trustee under this Agreement, and any successor trustee hereunder, which must be a resident of the State of Delaware.

1.2 **Singular to Include Plural.** Unless another meaning is clearly indicated or required by context or circumstances, either singular or plural words shall include the other.

## ARTICLE II

## ESTABLISHMENT OF TRUST

2.1 **Appointment of the Trustee.** The Grantor appoints the Trustee as trustee of the Trust, to have all the rights, powers and duties set forth herein. The Trustee acknowledges receipt in trust from the Grantor the sum of one hundred dollars, constituting the initial Trust Property. The Grantor shall cause title to the Aircraft to be transferred to Trustee by an FAA Bill of Sale.

2.2 **Trust Agreement.** The Trustee accepts the Trust Property and declares that it will hold the Trust Property in trust subject to the conditions provided in this Agreement for the use and benefit of the Beneficiary. It is the intention of the parties that the Trust constitute a statutory trust under the statutes and common law of the State of Delaware and Chapter 38 of Title 12 of the Delaware Code.

2.3 **Representations and Warranties of the Grantor and Subsequent Transferor.** The Grantor, and any persons transferring property to the Trust, hereby represents and warrants to the Trustee as follows:

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 2 of 19

From: 4056812658 Page: 14/31 Date: 5/19/2009 2:04:54 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

(a) Upon the receipt of the Trust Property by the Trustee, under this Agreement, the Trustee will have good title to the Trust Property free and clear of any lien, except those expressly disclosed to the Trustee.

(b) This Agreement has been duly and validly authorized, executed and delivered by, and constitutes a valid and binding agreement of, the Grantor, enforceable in accordance with its terms.

2.4 **Activities.** The Trust may engage in the following activities: (i) the ownership, management, registration and leasing of Trust Property, (ii) activities which are necessary, suitable or convenient to accomplish the foregoing, and (iii) such other activities as may be required in connection with conserving the Trust Property and making distributions to the Beneficiaries.

2.5 **Office.** The office of the Trust shall be in care of the Trustee, addressed to Aircraft Guaranty Title & Trust, LLC, 515 N. Sam Houston Parkway East, Suite 305, Houston, Texas 77060, or at such other address as the Trustee may designate by notice to the Beneficiaries.

2.6 **Situs of Trust.** The Trust will be located and administered in the State of Delaware.

2.7 **Name.** The Trust Agreement created hereby shall be known as Continent Aircraft Trust No. 461, in which name the Trustee may conduct business, make and execute mortgages, leases, contracts and other instruments necessary to acquire, mortgage, lease, sell and transfer Trust Property or other property, and sue and be sued.

## ARTICLE III

## TRUST CERTIFICATES AND TRANSFER OF INTEREST

3.1 **Issuance of Trust Certificate.**

(a) As of the date hereof, the Trustee has issued and delivered to the Beneficiary a Trust Certificate in the name of the Beneficiary evidencing a one hundred percent Ownership Percentage in the Trust.

(b) Each Trust Certificate shall be executed by manual signature on behalf of the Trustee by one of its Authorized Officers.

3.2 **Registration and Transfer of Certificates.**

(a) The Trustee shall maintain at its office, or at the office of any agent appointed by it and approved in writing by the Beneficiary at the time of such appointment, a record for the registration of issued Trust Certificates and the Transfer of Trust Certificates. Only persons listed as Beneficiaries on the registration record shall be entitled to the rights as Beneficiaries.

(b) The registered owner of any Trust Certificate as recorded in the register of Trust Certificates may Transfer all or any portion of the beneficial interest in the Trust Property evidenced by such Trust Certificate upon surrender thereof to the Trustee accompanied by the documents required by Section 3.4 hereof. Such Transfer may be made by the registered owner in person or by an

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

page 3 of 19

From: 4056812658 Page: 16/31 Date: 5/19/2009 2:04:55 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 ~ +1-281-445-7594

attorney-in-fact duly authorized in writing upon surrender of the Trust Certificate to the Trustee accompanied by a written instrument of Transfer and with such signature guarantees and evidence of authority of the persons signing the instrument of Transfer as the Trustee may reasonably require. Promptly upon the receipt of such documents and receipt by the Trustee of the transferor's Trust Certificate, the Trustee shall record the name of such transferee as a Beneficiary and its Ownership Percentage in the Trust Certificate register and issue, execute and deliver to such Beneficiary or Beneficiaries a Trust Certificate evidencing such Ownership Percentage in the Trust Property. In the event a transferor transfers only a portion of its beneficial interest in the Trust Property, the Trustee shall register and issue, to such transferor a new Trust Certificate evidencing such transferor's new Ownership Percentage in the Trust Property. Subsequent to a Transfer and upon the issuance of the new Trust Certificate or Trust Certificates, the Trustee shall cancel and destroy the Trust Certificate surrendered to it in connection with such Transfer. The Trustee shall consider the person in whose name any Trust Certificate is registered on the official record as the sole Beneficiary of the beneficial interest in the Trust Property evidenced by such Trust Certificate.

(c) As a condition precedent to any registration of Transfer, the Trustee may require the payment of a sum sufficient to cover the payment of any fees or other charges required to be paid in connection with such Transfer.

3.3 **Lost, Stolen, Mutilated or Destroyed Certificates.** If (i) any mutilated Trust Certificate is surrendered to the Trustee, or (ii) the Trustee receives evidence to its satisfaction that any Trust Certificate has been destroyed, lost or stolen, and upon proof of ownership satisfactory to the Trustee together with such security or indemnity as may be requested by the Trustee to save it harmless, the Trustee shall execute and deliver a new Trust Certificate for the same Ownership Percentage as the Trust Certificate so mutilated, destroyed, lost or stolen, of like tenor and bearing a different issue number, with such notations, if any, as the Trustee shall determine.

3.4 **Limitations on Transfer of Trust Certificate.** No Transfer of a beneficial interest in the Trust shall be made to any person unless such person delivers to the Trustee an Accession Agreement substantially in the form of Exhibit 2 attached and incorporated herein by reference.

3.5 **Assignment of Right to Distributions.** A Beneficiary may assign all or any part of its right to receive distributions, but such assignment (in the absence of a permitted Transfer) shall cause no change in the ownership of the Trust or the Trust Property.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 ~ +1-281-445-7594

page 4 of 19

From: 4056812658 Page: 16/31 Date: 5/19/2009 2:04:55 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

## ARTICLE IV

## CONCERNING THE BENEFICIARY

**4.1 Restrictions on Beneficiary's Actions.** Each Beneficiary shall comply with the applicable provisions of the laws and this Agreement in the manner necessary to effect the intention of the parties that legal title to Trust Property shall rest with the Trustee and that beneficial and equitable title shall rest in the Beneficiary according to the Ownership Percentage. Beneficiary shall enjoy all the benefits and attributes of beneficial ownership of Trust Property.

**4.2 Other Expenses, Liabilities of the Trust.** The Beneficiary shall be liable for obligations related to the Trust Property; provided, however, if the Trust has more than one Beneficiary, each Beneficiary shall be liable solely for the Trust Property in which the Beneficiary holds a Beneficial Ownership Interest. Within ten business days of receipt of a statement delivered by the Trustee to the effect that amounts necessary to pay expenses or to meet any obligation of the Trust related to the Trust Property, and setting forth the basis for such expenses and such Beneficiary's allocable share of such expenses, each Beneficiary shall deliver to the Trustee immediately available funds in the amount of such Beneficiary's allocable share of such expenses. The Beneficiary shall be liable for all obligations incurred by the Trustee in the performance of his duties hereunder, including, but not limited to, the payment of all fees and expenses incurred by the Trustee in the performance of his duties hereunder; provided, however, if the Trust has more than one Beneficiary, each Beneficiary shall be liable solely for its allocable share of such expenses, and each Beneficiary shall deliver to the Trustee immediately available funds in the amount of such Beneficiary's allocable share of such expenses.

## ARTICLE V

## CONCERNING THE TRUSTEE

**5.1 Status.** Trustee represents and warrants that it is a citizen of the United States of America.

**5.2 Acceptance of Trustee and Duties.** The Trustee accepts the trust created and accepts legal title as Trustee to the Trust Property. The Trustee agrees to perform its duties upon the terms of this Agreement. The Trustee shall not be personally liable under any circumstances, except (i) for its own willful misconduct or gross negligence, (ii) for liabilities arising from the failure by the Trustee to perform obligations expressly undertaken by it in the last sentence of Section 6.7, or (iii) for taxes, fees or other charges on, based on or measured by any fees, commissions or compensation received by the Trustee in connection with any of the transactions contemplated by this Agreement or a Trust Property Related Agreement. In particular, but not by way of limitation:

(a) The Trustee shall not be liable for any error of judgment made in good faith by an Authorized Officer of the Trustee;

(b) The Trustee shall not be liable with respect to any action taken or omitted to be taken by the Trustee in good faith in accordance with the instructions of the persons holding all of the beneficial Ownership Interest.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 5 of 19

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

(c) No provision of this Agreement shall require the Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of any of its rights or powers hereunder, if the Trustee shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(d) Under no circumstances shall the Trustee be personally liable for any indebtedness of the Trust under any Trust Property Related Agreement; and

(e) The Trustee shall not be personally responsible for or in respect of the validity or sufficiency of this Agreement or for the due execution hereof by the Grantor, or for the form, character, genuineness, sufficiency, value or validity of any collateral, or for or in respect of the validity or sufficiency of a Trust Property Related Agreement.

5.3 **Furnishing of Documents.** The Trustee shall send to the Beneficiary, promptly upon receipt thereof, duplicates or copies of all material reports, notices, requests, demands, certificates, financial statements and any other instruments received by the Trustee hereunder (other than documents originated by or otherwise furnished to the Beneficiary).

5.4 **Reliance; Advice of Counsel.**

(a) The Trustee shall incur no liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond or other document or paper believed by it to be genuine or believed by it to be signed by the proper party or parties. The Trustee may accept a certified copy of a resolution of the board of directors or other governing body of any corporate party as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect. As to any fact or matter the manner of ascertainment of which is not specifically prescribed herein, the Trustee may for all purposes hereof rely on a certificate, signed by the president or any vice president or by the treasurer or any assistant treasurer or the secretary or any assistant secretary of the relevant party, as to such fact or matter, and such certificate shall constitute full protection to the Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon.

(b) In the exercise or administration of the Trust hereunder and in the performance of its duties and obligations under any of the Trust Property Related Agreement, the Trustee (i) may act directly or, at the expense of the Trust, through agents or attorneys pursuant to agreements entered into with any of them, and the Trustee shall not be liable for the default or misconduct of such agents or attorneys if such agents or attorneys shall have been selected by the Trustee with reasonable care; and (ii) may, at the expense of the Trust, consult with counsel, accountants and other skilled persons to be selected with reasonable care and employed by it, and the Trustee shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel, accountants or other skilled persons.

5.5 **Not Acting in Individual Capacity.** In accepting the trusts hereby created the Trustee acts solely as a Trustee and not in its individual capacity, and all persons having any claim against the Trustee by reason of the transactions contemplated by this Agreement or any Trust Property Related Agreement shall look only to the Trust Property for payment or satisfaction.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

From: 4056812658 Page: 18/31 Date: 5/19/2009 2:04:56 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

## ARTICLE VI

## AUTHORITY AND DUTIES OF THE TRUSTEE

6.1 **General Authority.** The Trustee is authorized to take all actions required or permitted to be taken by it pursuant to the terms of this Agreement and any Trust Property Related Agreement.

6.2 **Specific Authority.** The Trustee is hereby authorized and directed to take the following action:

(a) Hold legal title to all Trust Property;

(b) Take all actions which the Trustee deems necessary or advisable to register any Aircraft which comprises a portion of the Trust Property with the United States Federal Aviation Administration and to insure that such Aircraft maintains its registration and complies with related regulations and requirements.

(c) Collect and dispense funds as described in this Agreement and any Trust Property Related Agreement.

6.3 **Trustee Duties.** It shall be the duty of the Trustee to discharge all of its responsibilities pursuant to the terms of this Agreement and to administer the Trust for the interest of the Beneficiary. Trustee shall have the right to grant to the Beneficiary the independent power to manage, control and maintain the Trust Property in all things except those matters subject to the exclusive authority of the Trustee referred to in Sections 6.1 and 6.2.

6.4 **Limitations on Trustee Authority.**

(a) Subject to paragraph (b) of this Section 6.4, the Beneficiary will have no rights or powers to direct, influence or control the Trustee in the performance of the Trustee's duties under this Trust Agreement in connection with matters involving the ownership and operation of the Aircraft by the Trustee. In all matters involving the ownership and operation of the Aircraft by the Trustee, the Trustee shall have absolute and complete discretion in connection therewith and shall be free of any kind of influence or control whatsoever by the Beneficiary, and the Trustee shall exercise its duties under this Trust Agreement in connection with matters involving the ownership and operation of the Aircraft by the Trustee as it, in its discretion, shall deem necessary to protect the interests of the United States, notwithstanding any countervailing interest of any foreign power which, or whose citizens, may have a direct or indirect interest in the Beneficiary and any such action by the Trustee shall not be considered malfeasance or in breach of any obligation which the Trustee might otherwise have to the Beneficiary; provided, however, that subject to the foregoing limitations, the Trustee shall exercise its discretion in all matters involving the ownership and operation of the Aircraft by the Trustee with due regard for the interests of the Beneficiary.

(b) Subject to the requirements of the preceding paragraph (a), the Trustee agrees that it will not, without the prior written consent of the Beneficiary, (i) sell, mortgage, pledge or

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 7 of 19

From: 4056812658 Page: 19/31 Date: 5/19/2009 2:04:56 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

otherwise dispose of the Aircraft or other assets held in the Trust relating thereto except as otherwise expressly provided in this Agreement, or (ii) amend any Lease or other Operating Agreement or give any consents.

**6.5 Accounting and Reports to the Beneficiary and Others.** The Trustee shall (i) maintain or cause to be maintained the financial books of the Trust relating to the receipt and disbursement of all funds, and (ii) deliver to each Beneficiary within 90 days of the end of each Fiscal Year, or more often, as may be required by the law, a copy of the annual financial statement of the Trust for such Fiscal Year and a statement in such form and containing such information as may be required, as is necessary and appropriate to enable each Beneficiary to prepare its tax returns.

**6.6 Signature of Returns.** The Trustee shall sign on behalf of the Trust any tax returns, annual return, and other Periodic Filings of the Trust, unless applicable law requires a Grantor or Beneficiary to sign such documents, in which case, the designated person shall sign such document.

**6.7 Notice to Beneficiary.** In the event that the Trustee is unable to decide between alternative courses of action, or is unsure as to the application of any provision of this Agreement or any Trust Property Related Agreement, or such provision is ambiguous as to its application, or is, or appears to be, in conflict with any other applicable provision, or in the event that this Agreement or any Trust Property Related Agreement permits any determination by the Trustee or is silent or is incomplete as to the course of action which the Trustee is required to take with respect to a particular set of facts, the Trustee may give notice (in such form as shall be appropriate under the circumstances) to the Beneficiary requesting instructions and, to the extent that the Trustee shall have acted or refrained from acting in good faith in accordance with any instructions received from the holder of all of the beneficial Ownership Interest, the Trustee shall not be liable on account of such action or inaction to any person. If the Trustee shall not have received appropriate instructions within ten days of such notice (or within such shorter period of time as may be specified in such notice) the Trustee may, but shall be under no duty to, take or refrain from taking such action, not inconsistent with this Agreement or the Trust Property Related Agreement, as the Trustee shall deem to be in the best interests of the Beneficiary, and the Trustee shall have no liability to any person for such action or inaction.

**6.8 No Duties Except as Specified in This Agreement or in Instructions.** The Trustee shall not have any duty or obligation to manage, make any payment in respect of, record or otherwise deal with the Trust Property, or to otherwise take or refrain from taking any action under, or in connection with, any document contemplated hereby to which the Trustee is a party, except as expressly provided by the terms of this Agreement and no implied duties or obligations shall be read into this Agreement against the Trustee. The Trustee nevertheless agrees that it will, at its own cost and expense, promptly take all action as may be necessary to discharge any liens on any part of the Trust Property which result from claims against the Trustee personally that are not related to the ownership or the administration of the Trust Property or the transactions contemplated by the Trust Property Related Agreement.

**6.9 No Action Except Under Specified Documents or Instructions.** The Trustee shall not manage, control, use, sell, dispose of or otherwise deal with any part of the Trust Property except (i) in accordance with the powers granted to and the authority conferred upon the Trustee pursuant to this Agreement, and (ii) in accordance with instructions delivered to the Trustee pursuant to Section 6.7 hereof.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

page 8 of 19

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 ~ +1-281-445-7594

## ARTICLE VII

## COMPENSATION OF TRUSTEE

7.1 **Trustee's Fees and Expenses.** The Trustee shall receive compensation for its services as set forth on the fee schedule attached as Exhibit 3. The Trustee shall be entitled to be reimbursed for its reasonable expenses, including, without limitation, the reasonable compensation, expenses and disbursements of such agents, representatives, experts and counsel as the Trustee may employ in connection with the exercise and performance of its rights and duties under this Agreement and Trust Property Related Agreement.

7.2 **Lien on Trust Property.** The Trustee shall have a lien on the Trust Property, and the Trust Certificate and the represented Ownership Interest, for any compensation or expenses and indemnity due, and this lien shall be prior to all other liens.

7.3 **Payments to the Trustee.** Any amounts paid to the Trustee from the Trust Property shall be deemed not to be part of the Trust Property immediately after such payment.

## ARTICLE VIII

## INVESTMENT AND APPLICATION OF TRUST FUNDS

8.1 **Investment of Trust Funds.** Income with respect to and proceeds of the Trust Property which are received by the Trustee more than one day prior to a Distribution Date shall be invested and reinvested by the Trustee. All such investments shall have a maturity date no later than the Business Day preceding the next Distribution Date unless they are redeemable at the option of the Trustee prior to maturity. Interest earned from such investment and reinvestment shall be credited to the Trust Property.

8.2 **Allocations and Distributions.**

(a) Income with respect to and proceeds of Trust Property held by the Trustee on a Distribution Date shall be distributed by the Trustee on such Distribution Date in the following order:

(i) first, pay any amounts due to the Trustee under this Agreement;

(ii) second, to pay any amounts then due to any person under any Trust Property Related Agreement; and

(iii) third, to pay any other expenses associated with the Trust Property.

(b) Income and proceeds with respect to the Trust Property held by the Trustee on a Distribution Date after the application of funds pursuant to Section 8.2(a) shall be distributed on such Distribution Date to the Beneficiaries holding beneficial Ownership Interest in the Trust Property, in proportion to their respective Ownership Percentages, determined as of the close of business on the Business Day immediately preceding such Distribution Date, and adjusted to take into consideration the duration that the Beneficiary has held the Ownership Percentage. All payments to be made under this

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 ~ +1-281-445-7594

From: 4056812658 Page: 21/31 Date: 5/19/2009 2:04:57 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

Agreement by the Trustee shall be made only from the income and proceeds of the Trust Property and only to the extent that the Trustee has received such income and proceeds.

(c) With each distribution to a Beneficiary pursuant to Section 8.2(b) above, the Trustee shall deliver a Distribution Date Statement setting forth, for the period since the preceding Distribution Date:

(i) income and proceeds received by the Trustee with respect to the Trust Property;

(ii) amounts paid to the Trustee;

(iii) amounts paid to any person pursuant to a Trust Property Related Agreement; and

(iv) amounts paid for other expenses associated with the Trust Property.

(d) Each net item of income, gain, loss, deduction, credit or allowance for any fiscal year, or applicable portion thereof, shall be allocated to the Beneficiary in the ratio of its Ownership Percentage in the Trust. In the event that any tax is imposed on the Trust, such tax shall be charged against amounts otherwise distributable to the Beneficiaries on a pro rata basis according to the Ownership Percentage. The Trustee is hereby authorized to retain from amounts otherwise distributable to the Beneficiaries sufficient funds to pay or provide for the payment of, and to actually pay, such tax as is legally owed by the Trust (but such authorization shall not prevent the Trustee from contesting any such tax in appropriate proceedings, and withholding payment of such tax, if permitted by law, pending the outcome of such proceedings).

8.3 **Method of Payment.** All amounts payable to a Beneficiary pursuant to this Agreement shall be paid by the Trustee to such Beneficiary or a nominee therefor by check payable to such Beneficiary, mailed first class to the address of such Beneficiary appearing on the register maintained pursuant to Section 3.2, or by crediting the amount to be distributed to such Beneficiary to an account maintained by such Beneficiary with the Trustee or by transferring such amount by wire transfer in immediately available funds to a banking institution with bank wire transfer facilities for the account of such Beneficiary, as instructed in writing from time to time by such Beneficiary. The Trustee may require a Beneficiary to pay any wire transfer fees incurred in connection with any wire transfer made to such Beneficiary.

## ARTICLE IX

## TERMINATION OF TRUST

9.1 **Termination of Trust.** The Trust created hereby shall terminate and the Trust Property shall be distributed to the Beneficiary in accordance with their respective Ownership Percentages, and this Agreement shall be of no further force or effect, upon the earliest of (i) the final distribution by the Trustee of all moneys or other property or proceeds of the Trust Property in accordance with the terms of this Agreement and the Trust Property Related Agreement, (ii) 15 years after the date of this Agreement, (iii) a decision by the Trustee that termination of the Trust will be in the best interests of the Beneficiary, or (iv) the removal or resignation of the Trustee without the appointment of a successor Trustee.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 10 of 19

From: 4056812668 Page: 22/31 Date: 5/19/2009 2:04:57 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

9.2 **No Termination by Grantor or Beneficiary.** Except as provided in Section 9.1, neither the Grantor nor the Beneficiary shall be entitled to terminate or revoke the Trust established hereunder.

9.3 **Exercise of Trust Powers After Termination.** After termination of the Trust as provided in Section 9.1, Trustee shall have no authority or power to act on behalf of the Trust.

## ARTICLE X

## SUCCESSOR TRUSTEES AND ADDITIONAL TRUSTEES

10.1 **Resignation or Removal of Trustee; Appointment of Successor.**

a) The Trustee may resign at any time by giving at least 60 days prior written notice to the Beneficiary, such resignation to be effective upon the acceptance of appointment by a successor Trustee under Section 10.1(b) below. In addition, the Beneficiary holding one hundred percent of the Ownership Percentage, at any time, may remove the Trustee, for cause, by an instrument in writing delivered to the Trustee, such removal to be effective upon the acceptance of appointment by a successor Trustee under Section 10.1(b) and 10.1(c), below. In case of the resignation or removal of the Trustee, the Beneficiary may appoint a successor Trustee by an instrument signed by the holder of one hundred percent of the Ownership Percentage. If a successor Trustee shall not have been appointed within 30 days after the giving of written notice of such resignation or the delivery of the written instrument with respect to such removal, the Trustee or the Beneficiary may apply to any court of competent jurisdiction to appoint a successor Trustee to act until such time, if any, as a successor Trustee shall have been appointed as provided above. Any successor Trustee so appointed by such court shall immediately and without further act be superseded by any successor Trustee appointed as above provided within one year from the date of the appointment by such court.

(b) Any successor Trustee, however appointed, shall execute and deliver to the predecessor Trustee an instrument accepting such appointment, and thereupon such successor Trustee, without further act, shall become vested with all the estates, properties, rights, powers, duties and trust of the predecessor Trustee in the Trust with like effect as if originally named the Trustee; but nevertheless, upon the written request of such successor Trustee, such predecessor Trustee shall execute and deliver an instrument transferring to such successor Trustee all the estates, properties, rights, powers, duties and trusts of such predecessor Trustee, and such predecessor Trustee shall duly assign, transfer, deliver and pay over to such successor Trustee all moneys or other property then held or subsequently received by such predecessor Trustee upon the Trust.

(c) If the successor Trustee is not a United States citizen, then the successor Trustee shall take appropriate action to change the registration of title to Aircraft included as Trust Property to the country in which the successor Trustee qualifies for registration. For purposes of this Agreement, United States citizen means (i) an individual who is a citizen of the United States, (ii) a partnership of which each member is such an individual, or (iii) a corporation or association created or organized under the laws of the United States or of any state, territory, or possession of the United States, of which the president and two-thirds or more of the board of directors and other managing officers thereof are such individuals and in which at least seventy-five percent (75%) of the voting interest is owned or controlled by persons who are citizens of the United States or of one of its possessions.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 11 of 19

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

(d) Any corporation into which the Trustee may be merged or converted or with which it may be consolidated, or any corporation resulting from any merger, conversion or consolidation to which the Trustee shall be a party, or any corporation to which substantially all of the corporate trust business of the Trustee may be transferred, shall, subject to the terms of Section 10.1(c), be the Trustee under this Agreement without further act.

**10.2 Appointment of Additional Trustees.** At any time or times for the purpose of meeting any legal requirements of any jurisdiction in which any part of the Trust Property may at the time be located, the Trustee, by an instrument in writing, may appoint one or more individuals or corporations to act as separate trustee of all or any part of the Trust Property to the full extent that local law makes it necessary or appropriate for such separate trustee or separate trustees to act alone.

## ARTICLE XI

## MISCELLANEOUS

**11.1 Supplements and Amendments.** This Agreement may be amended only by a written instrument signed by the Trustee and all of the Beneficiaries at the time of such amendment; provided, however, that if, in the opinion of the Trustee, any instrument required to be so executed adversely affects any right, duty or liability of, or immunity or indemnity in favor of, the Trustee under this Agreement or any of the documents contemplated hereby to which the Trustee is a party, or would cause or result in any conflict with or breach of any terms, conditions or provisions of, or default under, the charter documents or by-laws of the Trustee or any document contemplated hereby to which the Trustee is a party, the Trustee may in its sole discretion decline to execute such instrument.

**11.2 Legal Title to Trust Property in Trustee.** The Trustee shall have legal title to the Trust Property and Beneficiary shall only have an undivided beneficial and equitable Ownership Interest therein. No transfer, by operation of law or otherwise, of any right, title or interest of the Beneficiary in and to its undivided beneficial interest in the Trust Property shall operate to terminate this Agreement or the trust or entitle any successor transferee to an accounting or to the transfer to it of legal title to any part of the Trust Property.

**11.3 Contracts Made by Trustee.** Upon receipt of written consent of the Beneficiaries, the Trustee has authority to execute any Trust Property Related Agreement and any documents provided for therein, and such action shall bind the Beneficiary and shall be effective to obligate the Trustee and the Beneficiary to the extent set forth in such Trust Property Related Agreement. No third party shall be required to inquire as to the authorization, necessity, expediency or regularity of such action or as to the application of any proceeds by the Trustee.

**11.4 Limitations on Rights of Others.** Nothing in this Agreement, whether express or implied, shall be construed to give to any person other than the Trustee and the Beneficiary any legal or equitable right, remedy or claim in the Trust Property or under or in respect of this Agreement or any covenants, conditions or provisions contained herein.

**11.5 Notices.** Unless otherwise expressly specified or permitted by the terms hereof, all notices shall be in writing and delivered by hand or mailed by certified mail, postage prepaid, if to the

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

From: 4056812658 Page: 24/31 Date: 5/19/2009 2:04:58 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

Trustee, addressed to: Aircraft Guaranty Title & Trust, LLC, 515 N. Sam Houston Parkway East, Suite 305, Houston Texas 77060, or to such other address as the Trustee may have set forth in a written notice to the Beneficiary; and if to a Beneficiary, addressed to it at the address set forth for the Beneficiary in the registered maintained by the Trustee.

**11.6 Severability.** Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

**11.7 Separate Counterparts.** This Agreement may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

**11.8 Successors and Assigns.** All covenants and agreements contained herein shall be binding upon, and inure to the benefit of, the Trustee and its successors and assigns, and each Beneficiary and its successors and permitted assigns, all as herein provided. Any request, notice, direction, consent, waiver or other instrument or action by a Beneficiary shall bind the successors and assigns of such Beneficiary.

**11.9 Headings.** The headings of the various articles and sections are for convenience of reference only and shall not define or limit any of the terms or provisions.

**11.0 Not Influenced by Beneficiaries who are not U.S. Citizens or Resident Aliens.** Notwithstanding any other provision of this agreement, beneficiaries who are not U.S. Citizens or Resident Aliens shall have no more than twenty-five percent (25%) of the aggregate power to influence or limit the exercise of the Trustee's authority or to remove the Trustee.

**11.11 Governing Law.** This Agreement shall in all respects be governed by, and construed in accordance with, the laws of the State of Delaware (excluding conflicts of law rules), including all matters of construction, validity and performance.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 13 of 19

From: 4056812658 Page: 25/31 Date: 5/19/2009 2:04:56 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

**IN WITNESS WHEREOF,** the parties have caused this Trust Agreement to be duly executed by their respective officers, as of the day and year first above written.

Aircraft Guaranty Title & Trust, LLC, Trustee

By: ______________________
Mary E. Wood
Vice President

Aircraft Guaranty Financial Corporation Grantor

By: ______________________
Dwana Peters
Assistant Vice President

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 14 of 19

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

Exhibit 1 to
Trust Agreement

CONTINENT AIRCRAFT TRUST NO. ____

TRUST CERTIFICATE

UNDER TRUST AGREEMENT DATED ________

Certificate No. 1 ________ Date

Aircraft Guaranty Title & Trust, LLC, a Delaware limited liability company, as trustee (the "Trustee") under a Trust Agreement dated ________ with Aircraft Guaranty Financial Corporation (the "Grantor"), hereby certifies that Aircraft Guaranty Financial Corporation, is the owner of a 100% undivided beneficial interest in the Trust Property provided for in the Trust Agreement. This Trust Certificate shall serve as evidence that the Beneficiary is the registered owner of the Ownership Percentage stated above.

Capitalized terms used herein without definition have the meanings ascribed to them in the Trust Agreement.

Transfer of the beneficial Ownership Interest represented by this Trust Certificate is subject to certain restrictions and limitations set forth in the Trust Agreement. This Trust Certificate may be transferred upon the books of the Trust by the registered Beneficiary in person or by an attorney duly authorized in writing upon surrender of this Trust Certificate to the Trustee accompanied by a written instrument of transfer and with such evidence of authority of the persons signing the instrument of transfer as the Trustee may reasonably require, whereupon the Trustee shall issue in the name of the transferee a Trust Certificate or Trust Certificates evidencing the amount and extent of interest of the transferee.

The Beneficiary, by its acceptance of this Trust Certificate, warrants and represents to the Trustee and to the Beneficiaries of the other Trust Certificates issued under the Trust Agreement and agrees not to transfer this Trust Certificate except in accordance with the Trust Agreement.

This Trust Certificate and the Trust Agreement shall in all respects be governed by, and construed in accordance with, the laws of the State of Delaware.

IN WITNESS WHEREOF, the Trustee has caused this Trust Certificate to be issued as of the date hereof.

Aircraft Guaranty Title & Trust, LLC,
AS TRUSTEE

By: ______________________
Mary Wood
Vice President

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 ~ +1-281-445-7594

Exhibit 1A to
Trust Agreement

CONTINENT AIRCRAFT TRUST NO. ______

TRUST CERTIFICATE

UNDER TRUST AGREEMENT DATED ____________

Certificate Number: ______ ________________________ (Date Issued)

Aircraft Guaranty Title & Trust, LLC, a Delaware limited liability company, as trustee (the "Trustee") under a Trust Agreement dated ____________ with Aircraft Guaranty Financial Corporation (the "Grantor"), hereby certifies that ______________________________ ("Beneficiary") is the owner of a ________% undivided beneficial interest in the Trust Property provided for in the Trust Agreement. This Trust Certificate shall serve as evidence that the Beneficiary is the registered owner of the Ownership Percentage stated above.

Capitalized terms used herein without definition have the meanings ascribed to them in the Trust Agreement.

Transfer of the beneficial Ownership Interest represented by this Trust Certificate is subject to certain restrictions and limitations set forth in the Trust Agreement. This Trust Certificate may be transferred upon the books of the Trust by the registered Beneficiary in person or by an attorney duly authorized in writing upon surrender of this Trust Certificate to the Trustee accompanied by a written instrument of transfer and with such evidence of authority of the persons signing the instrument of transfer as the Trustee may reasonably require, whereupon the Trustee shall issue in the name of the transferee a Trust Certificate or Trust Certificates evidencing the amount and extent of interest of the transferee.

The Beneficiary, by its acceptance of this Trust Certificate, warrants and represents to the Trustee and to the Beneficiaries of the other Trust Certificates issued under the Trust Agreement and agrees not to transfer this Trust Certificate except in accordance with the Trust Agreement.

This Trust Certificate and the Trust Agreement shall in all respects be governed by, and construed in accordance with, the laws of the State of Delaware.

IN WITNESS WHEREOF, the Trustee has caused this Trust Certificate to be issued as of the date hereof.

Aircraft Guaranty Title & Trust, LLC,
AS TRUSTEE

By: ________________________
Mary Wood
Vice President

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 ~ +1-281-445-7594

From: 4056812658 Page: 28/31 Date: 5/19/2009 2:04:59 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

Exhibit 2 to
Trust Agreement

FORM OF ACCESSION AGREEMENT

Aircraft Guaranty Title & Trust, LLC
515 N. Sam Houston Parkway East
Suite 305
Houston, Texas 77060

Dear Sirs:

The undersigned (herein referred to as "Beneficiary," whether one or more) refers to the Trust Agreement, dated ____________ (the "Trust Agreement"), between Aircraft Guaranty Financial Corporation, a Nevada Corporation, and Aircraft Guaranty Title & Trust, LLC, a Delaware limited liability company (in its capacity as trustee thereunder, the "Trustee"). Beneficiary proposes to acquire a beneficial interest in Continent Aircraft Trust No. ______, a trust organized under the laws of the State of Delaware (the "Trust") formed pursuant to the Trust Agreement. As part of the consideration for receiving the beneficial interest in the Trust and Trust Property, Beneficiary has agreed to contribute and transfer to the Trust interest in the Aircraft described below and to pay certain fees. Capitalized terms used herein without definition have the meanings given them in the Trust Agreement.

In consideration for the receipt of the Trust Certificate, Beneficiary hereby transfers or has arranged for the transfer to the Trustee, the legal title to the following described Aircraft, or Beneficiary hereby instructs Trustee to acquire for the benefit of the Beneficiary the following described Aircraft:

Manufacturer/Model __________________
Manufacturer Serial No. __________________
FAA Registration No. __________________
Agreed value on transfer to Trustee $__________________

as more particularly described in Appendix "A."

Beneficiary acknowledges that Beneficiary is acquiring the Trust Certificate for Beneficiary's own account and not for the benefit of any other person and not with a view to any distribution of the beneficial interest in the Trust, subject, nevertheless, to the understanding that disposition of the specified Trust Property shall at all times be subject to the Trust Agreement.

3. The Beneficiary shall be responsible for arranging for the payment of expenses related to the Trust Property, including any debt service on notes or leases secured by the Trust Property; provided, however, if the Trust has more than one Beneficiary, each Beneficiary shall be liable for its share according to the Ownership Percentage. Within ten business days of receipt of a statement delivered by the Trustee to the effect that amounts necessary to pay expenses or to meet any obligation of the Trust related to the Trust Property, and setting forth the basis for such expenses and such Beneficiary's allocable share of such expenses, each Beneficiary shall deliver to the creditor or obligee immediately available funds in the amount of such Beneficiary's allocable share of such expenses.

4. Beneficiary agrees that in the event of a future Transfer of the beneficial interest in the Trust, such Transfer shall be made in conformity to the following:

(a) this letter is executed promptly by such transferee, and

(b) if the Trust has more than one Beneficiary, the Beneficiaries representing a majority of the Ownership Percentage, excluding the interest of the transferring Beneficiary, shall have provided written consent to the Transfer.

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 – +1-281-445-7594

page 17 of 19

From: 4056812658 Page: 29/31 Date: 5/19/2009 2:04:59 PM

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

Beneficiary agrees to be bound by all the terms and conditions of Trust Agreement.

Very truly yours,

Beneficiary

Accepted and Acknowledged this
______ day of ____________, 200___.

Aircraft Guaranty Title & Trust, LLC,
as Trustee

By:______________________________

Mary Wood
Vice President

© Aircraft Guaranty Holdings LLC * 515 North Sam Houston Parkway East, Ste.305 * Houston, Texas 77060 -- +1-281-445-7594

page 18 of 19

EXHIBIT 3 TO
TRUST AGREEMENT

SCHEDULE OF TRUSTEE FEES

Fees and charges to be paid by the Trust to Aircraft Guaranty Holdings, on behalf of Aircraft Guaranty Title& Trust, LLC as Trustee of the Trust known as the Continent Aircraft Trust No. _____ created by the execution of the Trust Agreement dated _______________, shall be in the annual amount of $________ U.S. Dollars, payable in advance yearly by December 31 for services to be rendered in the coming year during the term of the Trust.

Accepted and acknowledged this ____ day of __________, 200____.

Aircraft Guaranty Financial Corporation, Grantor

By: ______________________
Name: Dwana Peters
Title: Assistant Vice President

FILED WITH FAA
AIRCRAFT REGISTRATION BR
2004 FEB 10 AM 11 24
OKLAHOMA CITY
OKLAHOMA

# Exhibit B

```
ARNNIP03              AIRCRAFT REGISTRATION SYSTEM                       05/19/09
ARNNIM03           MASTER N-NUMBER INQUIRY - ASSIGNED                    13:49
---------------------------------------------------------------------------------
          AIRCRAFT DESCRIPTION                                DATES-STATUS
=================================================  ==============================
Reg-Number : 97GM                                  Cert Issue: 02/13/2004
Pending Chg:                                       Act Issue : 04/21/2005
Serial Num : 15                                    Last Act  : 05/20/2008
Year-Make  :     DASSAULT                          Type Reg  : CORP
Model      : FALCON 2000EX                         Status    : VALID
Mode-S-Code: 53300756   Uniq-id: 00089719          Ret Mail  :
       REGISTERED OWNER INFORMATION                Reason    : FINST REJ
=================================================================================
 Corp/Assn Name     : AIRCRAFT GUARANTY TITLE AND TRUST LLC TRUSTEE
 Street             : 515 N SAM HOUSTON PKWY STE 305    PACKET INFORMATION
                    :                                ============================
 City               : HOUSTON                        Phase/Queue:
 State-Zip          : TX    77060-4023               Pkt Status :
 County             : MARRIS                         Stat Date  :
 Country-Zip        : UNITED STATES                  Susp/Dlr/IR: YES NO  YES
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
          OPT   MAIN                                 PREV  IMAGE
```